

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

MICHAEL W. DOBBINS

312-435-5698



Ms. Kerin M. Burns
United States District Court
309 Federal Building
100 N.E. Monroe Street
Peoria, IL 61601

November 7, 2007

Dear Clerk:

Re:   USA   vs.   C J Moran   Judge Gettleman

Our case number:   07 cr 705 - Northern District of Illinois

Dear Clerk:

Enclosed is a certified copy of the Probation Form 22, Transfer of Jurisdiction, regarding, C J Moran, which has been accepted and assumed by this Court in the Northern District of Illinois, Eastern Division.

Please forward a certified copy of the indictment/information, judgment and docket along with the enclosed copy of this letter to the United States District Court at the above address. Your prompt attention to this matter is greatly appreciated.

Sincerely,

Michael W. Dobbins
Clerk

by: _____
Yvette Pearson, Deputy Clerk

Enclosure

**RECEIVED**

NOV 1 6 2007

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

CLOSED

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Peoria)
### CRIMINAL DOCKET FOR CASE #: 1:02-cr-10103-MMM-1
#### Internal Use Only

Case title: USA v. Moran

Date Filed: 09/05/2002
Date Terminated: 01/30/2003

Assigned to: Judge Michael M. Mihm

**Defendant (1)**

**C J Moran**
*TERMINATED: 05/05/2004*

represented by **Joseph M Gibson**
210 Twin Towers Plaza
456 Fulton Street
Peoria, IL 61602
309-676-4126
Fax: 309-674-6449
Email: itsjoegibson@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Pending Counts**

On or about 4/16/02 in CDIL, Dft did knowingly possess pornography in violation of 18:2256 & 18:2252(a)(4)(B)/ 18:2252.F SEXUAL EXPLOITATION OF MINORS (1)

**Disposition**

Dft committed to custody of BOP for 60 months on Count 1; Upon release from confinement, dft placed on Supervised Release for 3 years; $2500.00 fine to be paid immediately; Special Assessment of $100.00 to be paid immediately.

A TRUE COPY
ATTEST:
JOHN M. WATERS, CLERK
BY: [signature]
DEPUTY CLERK
U. S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE: 11/13/07

**Highest Offense Level (Opening)**

Felony

## Terminated Counts

None

**Disposition**

## Highest Offense Level (Terminated)

None

## Complaints

None

**Disposition**

## Plaintiff

USA

represented by **Thomas A Keith**
US ATTY
One Technology Plaza
Suite 400
211 Fulton St
Peoria, IL 61602
309-671-7050
Fax: 309-671-7259
Email: tom.keith@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/05/2002 | 1 | INFORMATION by USA Thomas A Keith. C J Moran (1) count(s) 1 (HK, ilcd) (Entered: 09/06/2002) |
| 09/05/2002 | 2 | PLEA Agreement & Stipulation of Facts as to C J Moran (HK, ilcd) (Entered: 09/06/2002) |
| 09/05/2002 | 3 | WAIVER of Indictment by defendant C J Moran (HK, ilcd) (Entered: 09/06/2002) |
| 09/05/2002 |  | MINUTES: before Judge Michael M. Mihm. AUSA Keith & Atty Gibson present in open court with C J Moran for Waiver/Filing of Information/Plea. Same held 9/5/02. First appearance of C J Moran with Attorney present. Information & |

FILED
SEP 5 - 2002
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF ILLINOIS

AT PEORIA

UNITED STATES OF AMERICA,  )
                            )
            Plaintiff,      )
      v.                    )   Case No. 02-10103
                            )
C. J. MORAN,                )
                            )
            Defendant.      )

### INFORMATION

The United States Attorney charges:

On or about April 16, 2002, in the Central District of Illinois,

**C. J. MORAN,**

the defendant herein, knowingly possessed, and attempted to possess, three or more images, that is computer-generated images saved on computer storage media such as a computer hard drive and computer diskettes, said images constituting visual depictions of minors engaged in sexually explicit conduct, that had been shipped and transported in interstate commerce and had been produced using materials which had been shipped and transported in interstate commerce, the producing of said visual depictions involving the use of minors engaged in sexually explicit

A TRUE COPY
ATTEST:
JOHN M. WATERS, CLERK
BY: _____
DEPUTY CLERK
U. S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE: 11/13/07

1



conduct, as defined in Title 18, United States Code, §2256, said visual depictions being of such conduct.

All in violation of Title 18, United States Code, Section 2252(a)(4)(B).

>UNITED STATES OF AMERICA
>
>JAN PAUL MILLER
>UNITED STATES ATTORNEY
>
>/s/ T. A. K.
>Thomas A. Keith
>Assistant United States Attorney
>Central District of Illinois
>One Technology Plaza, Suite 400
>211 Fulton Street
>Peoria, Illinois 61602
>Telephone: (309) 671-7050

AO 245B8 (Rev. 8/01) Judgment in a Criminal Case (CDIL)
Sheet 1

# UNITED STATES DISTRICT COURT

Central _____ District of _____ Illinois

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | (For Offenses Committed On or After November 1, 1987) |
| C. J. MORAN | Case Number: 02-10103-01 |
| | Joseph M. Gibson |
| | Defendant's Attorney |

FILED
FEB 4 2003
JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

**THE DEFENDANT:**

[X] pleaded guilty to count(s) 1

[ ] pleaded nolo contendere to count(s) _____ which was accepted by the court.

[ ] was found guilty on count(s) _____ after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:2252(a)(4)(B) | Possession of Child Pornography | 4/16/02 | 1 |

The defendant is sentenced as provided in pages 2 through ___6___ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on count(s) _____

[ ] Count(s) _____ [ ] is [ ] are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

January 30, 2003
Date of Imposition of Judgment

_Signature of Judicial Officer_

MICHAEL M. MIHM,
U.S DISTRICT JUDGE
Name and Title of Judicial Officer

2/4/03
Date

A TRUE COPY
ATTEST:
JOHN M. WATERS, CLERK
BY: _____ DEPUTY CLERK
U. S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE 11/13/07

Judgment — Page 2 of 6

DEFENDANT: C J MORAN
CASE NUMBER: 02-10103-01

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of  60 months

[X] The court makes the following recommendations to the Bureau of Prisons:

Court recommends that defendant 1) serve his sentence in a minimum security facility as close to his family in Chicago, IL, as possible and 2) that he serve his sentence in a facility that will allow him to maximize his exposure to educational and vocational opportunities.

[ ] The defendant is remanded to the custody of the United States Marshal.

[ ] The defendant shall surrender to the United States Marshal for this district:

[ ] at _____ [ ] a.m. [ ] p.m. on _____

[ ] as notified by the United States Marshal.

[X] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

[X] before 2:00 p.m. on February 24, 2003

[ ] as notified by the United States Marshal.

[ ] as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B     (Rev. 8/01) Judgment in a Criminal Case
Sheet 3 — Supervised Release

|  |  |  |  |
|---|---|---|---|
| | | Judgment—Page 3 of 6 | |

DEFENDANT: C J MORAN
CASE NUMBER: 02-10103-01

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years

    The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

☐    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

☒    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

    If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

    The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B    (Rev. 8/01) Judgment in a Criminal Case
Sheet 3A — Supervised Release

Judgment—Page 4 of 6

DEFENDANT: C J MORAN
CASE NUMBER: 02-10103-01

## SPECIAL CONDITIONS OF SUPERVISION

1) You shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapon. 2) You shall register with the state sex offender registration agency in any state where you reside, are employed, carry on a vocation, or are a student, as directed by the probation office. 3) You shall neither possess nor have under your control any material, legal or illegal, that contains nudity or that depicts or alludes to sexual activity or depicts sexually arousing material. This includes, but is not limited to, any material obtained through access to any computer, including a computer for employment purposes, or any material linked to computer access or use. 4) You shall not possess or use a computer that is equipped with a modem, that allows access to any part of the Internet, e-mail service, or other "on-line" services. You shall not possess software expressly used for connecting to online services, including e-mail, or installation disks for online services or e-mail. 5) You shall allow the probation office to conduct periodic unannounced examinations of your computer equipment and residence, which may include retrieval and copying of all data from your computer to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection. 6) You shall participate in a sex offender treatment program as deemed necessary by the probation office. You shall pay for such services as directed by the U.S. Probation Office. You will submit to physiological testing, including polygraph testing, which may be part of a sex offender treatment program as directed by the U.S. Probation Office. You shall pay for such services as directed by the U.S. Probation Office. 7) You shall have no contact with any person under the age of 18 except in the presence of a responsible adult who is aware of the nature of your background and current offense, and who has been approved by the probation officer. 8) You shall pay investigative costs of $1,486.40. 9) You shall provide the probation officer access to any requested financial information, including both your business and personal income tax returns. 10) You shall not incur any new debts or open any additional lines of credit in excess of $250 without prior approval of the probation officer.

Judgment — Page 5 of 6

DEFENDANT:     C J MORAN
CASE NUMBER:   02-10103-01

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|        | Assessment | Fine       | Restitution |
|--------|------------|------------|-------------|
| TOTALS | $ 100.00   | $ 2500.00  | $           |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---------------|----------------------|-------------------------------|----------------------------------------|
|               |                      |                               |                                        |

TOTALS       $ _____       $ _____

☐ If applicable, restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

☒ the interest requirement is waived for the  ☒ fine and/or  ☐ restitution.

☐ the interest requirement for the  ☐ fine and/or  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/01) Judgment in a Criminal Case
Sheet 4A — Criminal Monetary Penalties

Judgment — Page 6 of 6

DEFENDANT: C J MORAN
CASE NUMBER: 02-10103-01

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  [X]  Lump sum payment of $ 2,600.00 due immediately, balance due

   [ ]  [ ] not later than _____, or
        [ ] in accordance with  [ ] C,  [ ] D, or  [ ] E below; or

B  [ ]  Payment to begin immediately (may be combined with  [ ] C,  [ ] D, or  [ ] E below); or

C  [ ]  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  [ ]  Payment in _____ (e.g., equal, weekly, monthly, quarterly) installments of $ _____ over a period of
        _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a
        term of supervision; or

E  [ ]  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instruction above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant Name, Case Number, and Joint and Several Amount:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[ ] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

United States District Court
Account Summary

11/13/2007

MORAN, C J                       Case Number    0753 1 0210103 001
                                 Assessment           100.00
                                 Fine               2,500.00
                                 Restitution        1,486.40

## Special A

| Payment date | Receipt | Payment by | Payment | Interest | Total Due |
|---|---|---|---|---|---|
| 07/07/2003 | P7172 | BOP | 25.00 | | 75.00 |
| 10/14/2003 | P7986 | BOP | 25.00 | | 50.00 |
| 12/03/2003 | 144071 | BOP | 50.00 | | 0.00 |

## Fine - 504100

| Payment date | Receipt | Payment by | Payment | Interest | Total Due |
|---|---|---|---|---|---|
| 12/03/2003 | 144071 | BOP | 2,500.00 | | 0.00 |

A TRUE COPY
ATTEST:
JOHN M. WATERS, CLERK
BY: [signature]
DEPUTY CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
DATE: 11/13/07